**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JOHNNY KARAM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> PEPGEN INC., JAMES MCARTHUR, and NOEL DONNELLY, <br><br> Defendants. | Case No.: 1:25-cv-12007-ADB <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF LINDA HOFFMAN'S MOTION**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL**
<u>**OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

PROCEDURAL HISTORY...................................................................................................... 2

STATEMENT OF FACTS ....................................................................................................... 3

ARGUMENT ............................................................................................................................ 5

    A.    Appointing Movant as Lead Plaintiff Is Appropriate....................................................... 5

        1.    The Procedure Required By the PSLRA.................................................................. 5

        2.    Movant Satisfies the Lead Plaintiff Requirements of the PSLRA ........................... 6

            a.    Movant Has the Largest Financial Interest in the Relief Sought by the Class................................................................................................................... 7

            b.    Movant Otherwise Satisfies Rule 23................................................................. 8

                i.    Movant Satisfies the Typicality Requirement............................................. 9

                ii.    Movant Fulfills the Adequacy Requirement............................................. 10

    B.    Approving Movant's Choice of Counsel Is Appropriate ............................................. 11

CONCLUSION....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*In re Bank of Boston Corp. Sec. Litig.*,
762 F. Supp. 1525 (D. Mass. 1991) .................................................................................... 9

*City of Bristol Pension Fund v. Vertex Pharms.*,
2012 U.S. Dist. LEXIS 180974 (D. Mass. Dec. 21, 2012) ............................................... 8

*Dura Pharm., Inc. v. Broudo*,
544 U.S. 336 (2005) .......................................................................................................... 7

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.) ............................................................................................. 12

*Gen. Tel. Co. v. Falcon*,
457 U.S. 147 (1982) .......................................................................................................... 9

*Greebel v. FTP Software, Inc.*,
939 F. Supp. 57 (D. Mass. 1996) ................................................................................... 5, 8

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) .............................................................. 12

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023) ................................................................. 12

*In re Lernout & Hauspie Sec. Litig.*,
138 F. Supp. 2d 39 (D. Mass. 2001) .......................................................................... 7, 8, 9

*Martin v. BioXcel Therapeutics, Inc. et al.*,
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ................................................................... 12

*In re Milestone Scientific Sec. Litig.*,
183 F.R.D. 404 (D.N.J. 1998) ......................................................................................... 10

*Petersen v. Stem, Inc. et. al.*,
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ................................................................ 12

*Priest v. Zayre Corp.*,
118 F.R.D. 552 (D. Mass. 1988) ....................................................................................... 9

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .................................................................. 12

*Solomon v. Peloton Interactive, Inc. et al.*,
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .................................................................. 12

*Tehrani v. Biogen, Inc.*,
   2015 U.S. Dist. LEXIS 156001 (D. Mass. Nov. 18, 2015)....................................................... 10

*In re Tesla Inc. Securities Litigation*,
   No. 3:18-cv-4865 (N.D. Cal.) ................................................................................................ 12

*Thant v. Rain Oncology Inc. et al.*,
   5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ............................................................................... 12

*Thant v. Veru, Inc. et al.*,
   No. 1:22-cv-23960 (S.D. Fla. July 27, 2023).......................................................................... 12

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................. 8

*In re U.S. Steel Securities Litigation*,
   No. 2:17-579-CB (W.D. Pa.) ................................................................................................. 11

*Villanueva v. Proterra Inc. et al.*,
   No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ....................................................................... 12

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... *passim*

Movant Linda Hoffman ("Movant") respectfully submits this Memorandum of Law in support of her motion for: (1) appointment as Lead Plaintiff in the above-captioned action (the "Action") pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approval of her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

## INTRODUCTION

Presently pending before the Court is the above-captioned securities class action lawsuit[1] brought on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired PepGen Inc. ("PepGen" or the "Company") securities between March 7, 2024 and March 3, 2025, both dates inclusive (the "Class Period"). Plaintiff alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC") (17 C.F.R. § 240.10b-5), against Defendants PepGen, James McArthur ("McArthur"), and Noel Donnelly ("Donnelly") (collectively, "Defendants").

The PSLRA directs the Court to appoint as Lead Plaintiff the movant or group of movants who have demonstrated the "largest financial interest in the litigation" and also meets the typicality and adequacy prongs of Fed. R. Civ. P. 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Movant satisfies both requirements.

*First*, Movant has sustained losses totaling approximately $8,246.94. Accordingly, Movant has a substantial economic interest in directing the litigation and recovering the losses she and the Class have suffered. Movant's losses are, to the best of her knowledge, the largest among purported Class members seeking appointment as Lead Plaintiff. Movant is unaware of any other class

---

[1] The Action is entitled *Karam v. PepGen Inc., et al.,* Case No. 1:25-cv-12007-ADB (D. Mass) (the "*Karam* Action").

members who have filed an application for appointment as Lead Plaintiff who have sustained greater losses.[2]

*Second*, Movant meets the typicality and adequacy requirements of Rule 23 because her claims are typical of those of absent Class members and because Movant will fairly and adequately represent the interests of the Class. In addition to demonstrating the largest financial interest in the outcome of the litigation, Movant understands the commitments required of a lead plaintiff and has confirmed that she is ready, willing, and able to oversee the vigorous prosecution of the Action.

Pursuant to the PSLRA, the Lead Plaintiff selects his choice of counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Movant has selected the law firm of Levi & Korsinsky as Lead Counsel. Levi & Korsinsky has extensive experience successfully litigating securities class actions such as this and possess the resources necessary to vigorously pursue this litigation on behalf of the putative Class.

For the reasons summarized herein and discussed more fully below, Movant's motion should be granted in its entirety.

## PROCEDURAL HISTORY

The *Karam* Action was filed on June 9, 2025 in the United States District Court for the Eastern District of New York, Case No. 1:25-cv-03221, and was later transferred to this District on July 16, 2025, ECF No. 9. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), notice that a class action had been initiated against Defendants was published by counsel in the *Karam* Action on June 10, 2025 on *Globe Newswire*, a widely circulated national business-oriented wire service (the "Notice"). The Notice advised members of the proposed Class of their right to move the Court for

---

[2] The losses suffered by Movant is not the same as her legally compensable damages. Measuring the latter is often a complex exercise and is premature at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(B) and based upon reference to information concerning the current market for the Company's securities. Movant's transactions in PepGen securities are set forth in the Certification attached as Exhibit A to the Declaration of Shannon L. Hopkins in Support of this Motion ("Hopkins Decl.").

appointment as Lead Plaintiff. *See* Hopkins Decl. Ex. C. Movant is a member of the proposed Class (*see* Hopkins Decl. Ex. A) and is filing her motion within the sixty-day period following publication of the notice pursuant to Section 21D of the PSLRA.

**STATEMENT OF FACTS**[3]

PepGen is a clinical-stage biotechnology company that focuses on the development of oligonucleotide therapeutics for use in the treatment of severe neuromuscular and neurologic diseases. ¶ 2. The Company's lead product candidate was PGN-EDO51, a proprietary enhanced delivery oligonucleotide ("EDO") peptide for the treatment of Duchenne muscular dystrophy ("DMD"), a genetic disorder characterized by progressive muscle degeneration and weakness. *Id*.

PepGen had been evaluating PGN-EDO51 as a treatment for DMD in two Phase 2 clinical trials—the CONNECT1-EDO51 ("CONNECT1") and CONNECT2-EDO51 ("CONNECT2") studies. ¶ 4.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 6. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) PGN-EDO51 was less effective and safe than Defendants had led investors to believe; (ii) the CONNECT2 study was dangerous or otherwise deficient for purposes of U.S. Food and Drug Administration ("FDA") approval; (iii) as a result of all the foregoing, PepGen was likely to halt the CONNECT2 study, and PGN-EDO51's clinical, regulatory, and commercial prospects were overstated; and (iv) as a result, Defendants' public statements were materially false and misleading at all relevant times. *Id*.

On July 30, 2024, the Company issued a press release announcing purported "positive clinical data from the first dose cohort (5 mg/kg) of PGN-EDO51" in its ongoing CONNECT1

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Karam* Complaint") filed in the *Karam* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Karam* Complaint. The facts set forth in the *Karam* Complaint are incorporated herein by reference.

3

study. ¶ 7. Among other results, PepGen reported that "PGN-EDO51 achieved a mean absolute dystrophin level of 0.61% of normal and a 0.26% change from baseline after 4 doses, measured at week 13 by Western blot analysis." *Id*. However, as subsequently noted by a Stifel analyst, "the magnitude of dystrophin increase was below what [PepGen] anticipated, which is disappointing[.]" *Id*. Likewise, a Leerink Partners analyst noted that the low dose missed PepGen's expectations of 1% or greater dystrophin expression. *Id*.

Following these disclosures, PepGen's stock price plummeted $5.55 per share, or 32.69%, to close on July 31, 2024 at $11.43 per share. ¶ 8.

The Company issued a press release on December 16, 2024 announcing that it had received a clinical hold notice from the FDA regarding an Investigational New Drug ("IND") application "to initiate the [CONNECT2] clinical trial in patients with [DMD]" in the U.S. ¶ 9. Notably, the FDA's issuance of a clinical hold notice for the IND application indicated that the FDA had concerns regarding risks posed to patients in the CONNECT2 study and/or there were other deficiencies associated with the study. *Id*.

As the market digested this news, PepGen's stock price dropped 3.63%, or $0.17 per share, to close on December 16, 2024 at $4.51 per share. ¶ 10.

On January 29, 2025, the Company issued a press release providing updates regarding safety concerns observed in the CONNECT1 study and the FDA's concerns regarding the CONNECT2 study. ¶ 11. With respect to the CONNECT1 study, the press release stated, inter alia, that "[d]osing of one of the[] . . . participants [in the 10 mg/kg cohort] was paused due to a reduction of his estimated glomerular filtration rate[.]" In addition, PepGen "ha[d] received communication from Health Canada . . . request[ing] additional information from the Company to address Health Canada's safety concerns before any further dose escalation or enrollment of any additional participants at the current dose levels." *Id*. With respect to the CONNECT2 study, the same press

4

release stated, in relevant part, that "[t]he Company is working with the FDA to address its questions regarding supportive data for the dosing levels planned for the patient population." *Id*.

On this news, the Company's stock price declined 21.74%, or $0.40 per share, to close at $1.44 per share on January 30, 2025. ¶ 12.

PepGen issued a press release on March 4, 2025 "announc[ing] its voluntary decision to temporarily pause the [CONNECT2] study . . . until the Company can review results from the 10 mg/kg cohort in the ongoing [CONNECT1] study." ¶ 13.

In response to this news, PepGen's stock price fell 18.86%, or $0.53 per share, to close on March 4, 2025 at $2.28 per share. ¶ 14.

## ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

#### 1.  The Procedure Required By the PSLRA

The PSLRA has established a procedure governing the appointment of a lead plaintiff "in each private action arising under . . . [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1), (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within twenty days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4 (a)(3)(A)(i). Here, the Notice was published on *Globe Newswire* on June 10, 2025.[4] Hopkins Decl. at Ex. C. Within sixty days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4 (a)(3)(A)-(B).

---

[4] The statute requires that notice be published "in a widely circulated business-oriented publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996).

*Second*, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4 (a)(3)(B)(iii). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As discussed below, Movant has complied with the procedural prerequisites of the PSLRA, and has what is, to the best of her knowledge, the largest financial interest in the litigation of any other class member(s) seeking appointment as Lead Plaintiff. Movant is also unaware of any unique defenses that Defendants could raise against her. Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### 2.  **Movant Satisfies the Lead Plaintiff Requirements of the PSLRA**

Movant timely moved this Court to be appointed Lead Plaintiff on behalf of all members of the Class. Movant submitted a signed certification stating that she reviewed the Complaint and

is willing to serve as a representative on behalf of the putative Class, pursuant to 15 U.S.C. § 78u-4(a)(2). *See* Hopkins Decl. at Ex. A. In addition, Movant has selected and retained experienced and competent counsel to represent her and the putative Class. *See* Hopkins Decl. Ex. E (Firm Résumé of Levi & Korsinsky).

Accordingly, Movant satisfies the requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have her application for appointment as Lead Plaintiff and selection of Counsel, as set forth herein, considered and approved by the Court.

### a. **Movant Has the Largest Financial Interest in the Relief Sought by the Class**

The Court is to presume that the most adequate plaintiff is the movant with "the largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See also In re Lernout & Hauspie Sec. Litig*., 138 F. Supp. 2d 39, 43 (D. Mass. 2001) (courts should presume that "the member of the purported class with the largest financial stake in the relief sought is the most adequate plaintiff") (quoting H.R. Conf. Rep. No. 104-369, at 33-34 (1995) (reprinted in 1995 U.S.C.C.A.N. 730, 731)).

Under the PSLRA, damages are calculated based on: (i) the difference between the purchase price paid for the units and the average trading price of the units during the 90-day period beginning on the date the information correcting the misstatement was disseminated, or (ii) the difference between the purchase price paid for the units and the average trading price of the units between the date when the misstatement was corrected and the date on which the plaintiff sold its units, if it sold its units before the end of the 90-day period. 15 U.S.C. § 78u-4(c).

As evidenced by the accompanying Loss Chart, (Hopkins Decl. at B), Movant suffered an approximate loss of $8,246.94 when excluding losses not incurred pursuant to the drops alleged in the Complaint. *See Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005). Movant has a significant financial interest in this case and is unaware of any other applicant for lead plaintiff that has

7

sustained greater financial losses in connection with transactions in PepGen securities during the Class Period. Therefore, Movant has the "largest financial interest in the relief sought by the class," satisfying the first PSLRA prerequisite for appointment as lead plaintiff and, as further demonstrated *infra*, should be appointed as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). *Lernout*, 138 F. Supp. 2d at 43; *Greebel*, 939 F. Supp. at 59 ("the statute erects a rebuttable presumption that the most capable plaintiff is the person with the largest financial interest in the relief sought by the class, [who] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure") (internal quotation omitted).

### b.  Movant Otherwise Satisfies Rule 23

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class may be certified only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party are typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until a class certification motion is filed. *See City of Bristol Pension Fund v. Vertex Pharms.*, 2012 U.S. Dist. LEXIS 180974, at *10 (D. Mass. Dec. 21, 2012) ("In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. These findings need only be preliminary.") (citing *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009)).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff.

### i.    Movant Satisfies the Typicality Requirement

Typicality under Rule 23(a)(3) requires that the lead plaintiff's claim be aligned with the claims of absent class members and is demonstrated by a showing that the movant's claims are based on the same legal theories as the claims of the putative class. *Lernout*, 138 F. Supp. 2d at 46 ("The plaintiffs' burden in proving typicality requires that the named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class.") (citing *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991)). To meet this burden, Movant need not show that her claims are identical to absent class members' claims. *Id*. ("Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.") (citing *Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988)). It is enough if their situation shares common issues of law or fact. *See Lernout*, 138 F. Supp. 2d at 45.[5]

Movant satisfies the typicality requirement of Rule 23 because, just like all other class members, Movant: (1) transacted in PepGen securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Movant's claims are typical, if not identical, to those of other members of the proposed class since all the claims arise out of the same course of events and are based on the same legal and remedial theories. Additionally, Movant is not subject to any unique defenses, and there is no evidence of any conflicts between Movant and the other members of the Class.

---

[5] Although not relevant to the instant motion, a finding of typicality frequently supports a finding of commonality. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 158, n. 13 (1982) (noting that the typicality and commonality requirements tend to merge).

Movant therefore satisfies the required *prima facie* showing of the typicality requirements of Rule 23 for purposes of this Motion.

### ii.    Movant Fulfills the Adequacy Requirement

Movant is also adequate representatives for the Class. A representative party is adequate under Rule 23(a)(4) if: (1) the party's counsel is qualified, experienced and generally able to conduct the proposed litigation and (2) the party does not have interests antagonistic to those of the class. *Tehrani v. Biogen, Inc.*, 2015 U.S. Dist. LEXIS 156001, at *9 (D. Mass. Nov. 18, 2015) ("Plaintiff also, as a preliminary matter, appears capable of adequately protecting the interests of the class, in that plaintiff possesses common interests and an absence of conflict with the class members and plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.") (internal quotations omitted).

Movant will more than adequately represent the interests of the putative Class. Not only is there no evidence of conflict between the interests of Movant and those of the other members of the putative Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses she suffered as a result of the wrongful conduct alleged in the Action. *See In re Milestone Scientific Sec. Litig.*, 183 F.R.D. 404, 416 (D.N.J. 1998) (Plaintiff's "financial stake in the litigation provides an adequate incentive for [Plaintiff] to vigorously prosecute the action."). Indeed, Movant has already taken significant steps demonstrating that she recognizes, and will protect, the interests of the Class including: (1) executing a certification detailing her Class Period transactions and expressing willingness to serve as Class representative; (2) moving this Court to be appointed Lead Plaintiff and (3) retaining competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, she is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

Moreover, Movant considers herself to be sophisticated investor with thirty-eight years of investing experience. Movant resides in Fort Lauderdale, Florida, and possesses a Bachelor of Science and Business Administration in Finance. She is currently employed as an on-site Luxury Real Estate Developer Sales Executive for Related Group. Further, Movant has experience overseeing attorneys, as she has hired attorneys for a civil rights matter. *See* Hopkins Decl., Ex. D, Movant's Declaration in support of her motion. Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.    Approving Movant's Choice of Counsel Is Appropriate

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Movant has selected Levi & Korsinsky as Lead Counsel.

As set forth in the accompanying firm résumé (Hopkins Decl. Ex. E), Levi & Korsinsky is a highly accomplished firm that is currently acting as lead counsel in a number of federal securities actions and has achieved many multi-million-dollar recoveries for investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities

Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id*. In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## CONCLUSION

For all the foregoing reasons, Movant respectfully requests that the Court appoint Movant as Lead Plaintiff in the Action and approve Movant's selection of Levi & Korsinsky as Lead Counsel.

Dated: August 8, 2025                     Respectfully submitted,

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins (BBO# 657485)
**LEVI & KORSINSKY, LLP**
1111 Summer Street, Suite 403
Stamford, Connecticut 06905
Tel. (203) 992-4523
Fax: (212) 363-7500
E-mail: shopkins@zlk.com

12

**LEVI & KORSINSKY, LLP**
Adam M. Apton
33 Whitehall Street, 27th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Linda Hoffman and Proposed Lead*
*Counsel for the Class*

13

## <u>CERTIFICATE OF SERVICE</u>

I, Shannon L. Hopkins, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 8, 2025.

Dated: August 8, 2025                     */s/Shannon L. Hopkins*
                                          Shannon L. Hopkins