UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHNNY KARAM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPGEN INC., JAMES MCARTHUR, and NOEL DONNELLY,<br><br>Defendants. | No.: 1:25-cv-12007-ADB |

**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF JOHNNY KARAM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**

Plaintiff Karam[1] respectfully submits this Memorandum of Points and Authorities in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Pomerantz as Lead Counsel (Dkt. No. 23); and in opposition to the competing motions of: (i) Paul McHale ("McHale") (Dkt. No. 17); and (ii) Linda Hoffman ("Hoffman") (Dkt. No. 20).

## PRELIMINARY STATEMENT

This Action is a putative class action securities fraud lawsuit on behalf of investors in PepGen securities. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the largest financial interest in the outcome of the Action; and that satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Karam, who incurred a loss of approximately $9,135 in connection with his Class Period transactions in PepGen securities. *See* Dkt. No. 25-1. Although the PSLRA does not define "financial interest," courts in this District recognize that the amount of financial loss is the most significant factor to be considered. *See Luongo v. Desktop Metal, Inc.*, No. 1:21-CV-12099-IT, 2022 WL 2532498, at *3 (D. Mass. July 7, 2022) ("[C]ourts have considered the approximate losses suffered to be the most important in determining the largest financial interest."); *Leavitt v. Alnylam Pharms., Inc.*, 378 F. Supp. 3d 60, 64 (D. Mass. 2019) (same). The table below sets forth the respective claimed losses of the competing movants:

| Movant | Loss |
|---|---|
| Karam | $9,135 |
| Hoffman | $8,247 |
| McHale | $2,362 |

---

[1] All capitalized terms herein are defined in Karam's moving brief, unless otherwise indicated. *See* Dkt. No. 24.

1

As the above table reflects, Karam claims the largest loss among the competing movants and, accordingly, possesses the largest financial interest in this Action within the meaning of the PSLRA among those seeking appointment as lead plaintiff.

In addition to his significant financial interest, Karam readily satisfies Rule 23's typicality and adequacy requirements. Karam's claims in this Action are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001). Karam's significant loss gives him a sufficient stake in the outcome of this Action to ensure vigorous advocacy on behalf of the Class, he is aware of no conflict between his interests and those of the Class, and in Pomerantz, Karam has retained qualified and experienced counsel. *See Vertex*, 52 F. Supp. 3d at 341; *Lernout*, 138 F. Supp. 2d at 46. Further demonstrating his adequacy, Karam has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See* Dkt. No. 25-4.

For the reasons set forth herein, Karam respectfully submits that the Court should grant his motion in its entirety and deny the competing motions.

## ARGUMENT

**I.    KARAM SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant with the

largest financial interest must only make a *prima facie* showing of typicality and adequacy within the meaning of Rule 23. *See Elas v. Prince*, No. 1:23-CV-10472-IT, 2024 WL 278220, at *2 (D. Mass. Jan. 25, 2024); *Alnylam*, 378 F. Supp. 3d at 65. Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate Class representative is Karam.

### A.     Karam Has the Largest Financial Interest

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this District recognize that the amount of financial loss is the most significant factor to be considered. *See Desktop Metal*, 2022 WL 2532498, at *3 ("[C]ourts have considered the approximate losses suffered to be the most important in determining the largest financial interest."); *Alnylam*, 378 F. Supp. 3d at 64 (same); *Arkansas Tchr. Ret. Sys. v. Insulet Corp.*, 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (same).

Under the foregoing analysis, no movant seeking appointment as Lead Plaintiff in this Action claims a larger financial interest than Karam. As the chart at p. 1 reflects, Karam incurred a $9,135 loss in connection with his Class Period transactions in PepGen securities (*see* Dkt. No. 25-1)—larger than that claimed by any competing movant. Accordingly, Karam clearly possesses the largest financial interest in this Action among those seeking appointment as Lead Plaintiff.

### B.     Karam Satisfies Rule 23's Applicable Requirements

In addition to possessing the largest financial interest in the outcome of this Action—and thus being the statutorily presumed "most adequate plaintiff" (15 U.S.C. § 78u-

3

4(a)(3)(B)(iii)(I)(bb))—Karam has plainly made the requisite *prima facie* showing that he satisfies Rule 23's typicality and adequacy requirements. *See Prince*, 2024 WL 278220, at *2; *Alnylam*, 378 F. Supp. 3d at 65.

First, Karam satisfies the typicality requirement of Rule 23(a)(3) because his claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Vertex*, 52 F. Supp. 3d at 341; *Lernout*, 138 F. Supp. 2d at 46. Karam alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning PepGen, or by omitting to state material facts necessary to make the statements they did make not misleading. Karam, like other Class members, purchased PepGen securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove PepGen's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). *See Vertex*, 52 F. Supp. 3d at 341; *Lernout*, 138 F. Supp. 2d at 46.

Second, Karam satisfies the adequacy requirement of Rule 23(a)(4) because his significant loss gives him a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, he is aware of no conflict between his interests and those of the Class, and as discussed in greater detail below, in Pomerantz, Karam has selected and retained counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class. *See Vertex*, 52 F. Supp. 3d at 341; *Lernout*, 138 F. Supp. 2d at 46. Karam has further demonstrated his adequacy by submitting with his motion papers a detailed Declaration that provides information about himself, including his age, city and

country of residence, investment experience, and professional and educational background, and that attests to, *inter alia*, his understanding of the significance of his motion and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, as well as his readiness to shoulder these responsibilities on behalf of the Class. *See* Dkt. No. 25-4.

\* \* \* \* \*

Because Karam has the largest financial interest in the relief sought by the Class among those seeking appointment as Lead Plaintiff and otherwise satisfies Rule 23's applicable requirements, he is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To overcome the strong presumption entitling Karam to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that he is inadequate. *Id.* § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

## II. KARAM'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v). The Court should not interfere with a lead plaintiff's selection unless it is necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Coopersmith v. Lehman Bros.*, 344 F. Supp. 2d 783, 793 (D. Mass. 2004) ("Giving the Lead Plaintiff primary control for the selection of counsel was a critical part of Congress' effort to transfer control of securities class actions from lawyers to investors." (Internal quotations omitted.)); *Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson*

*Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel.").

Here, Karam has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions, and the firm has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 25-5. Thus, the Court may be assured that by approving Karam's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

## III. THE COMPETING MOTIONS SHOULD BE DENIED

As discussed further in Section I.A., *supra*, no movant seeking appointment as Lead Plaintiff in this Action has a larger financial interest than Karam. This fact alone mandates denial of the competing motions by McHale (Dkt. No. 17) and Hoffman (Dkt. No. 20). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

## CONCLUSION

For the foregoing reasons, Karam respectfully requests that the Court issue an Order: (1) appointing Karam as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel for the Class.

Dated: August 22, 2025                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Emily C. Finestone*
Emily C. Finestone (BBO # 693684)
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

Facsimile: (917) 463-1044
efinestone@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Plaintiff Johnny Karam and
Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on August 22, 2025.

/s/ *Emily C. Finestone*
Emily C. Finestone (BBO # 693684)